WILLIAM H. ELLIS, Appellant, *v.* POLLY E. COLE et al., Respondents.

CONTRACT — JUDGMENT CREDITOR'S SUIT — CONVEYANCE OF LANDS BY FATHER TO CHILDREN IN CONSIDERATION THAT LATTER PAY INCOME OF PROPERTY TO HIM FOR LIFE — WHEN DECREE IN JUDGMENT CREDITOR'S SUIT AGAINST FATHER AND CHILDREN DIRECTING PAYMENT OF PART OF INCOME TO CREDITOR DOES NOT RELIEVE CHILDREN FROM CONTRACT.
A father conveyed certain parcels of land to his daughters, who, in consideration thereof, agreed to apply the net income of said land, after deducting therefrom the interest on a mortgage of $2,000, covering one of said parcels, to the support of their father during his life, and, in case the premises last described in the agreement should be sold, the proceeds thereof should be applied to the payment of said mortgage, or be invested and the interest thereon used and expended for the support of the father; two years later the daughters sold said "last described premises" for $1,900, with which sum, and with $100 of their own money, they paid the mortgage; subsequently a judgment creditor of the father brought an action to set aside the conveyance as fraudulent and void against the judgment; in such action the validity of the transfer was upheld, but it was decreed that the father was, as to the judgment creditor, the owner of a life estate in the lands conveyed to his daughters, subject to a lien of $2,000, formerly represented by the mortgage, paid by the daughters; a receiver of the father's life estate was appointed and directed to pay, out of the income of the land in question, the interest on $2,000, to the daughters, and apply the remainder on the judgment creditor's claim; after such judgment the daughters retained the whole of the interest paid to them by the receiver and failed to pay it over to, or apply it to the use of, the father; thereafter the father brought an action against his daughters to recover from them the interest on the $1,900 of the mortgage, so retained by them; the Special Term awarded judgment in favor of the father, but the Appellate Division, by a divided court, has reversed

it. *Held,* that the decree in the judgment creditor's suit did not relieve the daughters from their obligations to their father; while they were all parties to that suit no issue was raised between them and no claim for relief was made by either against the other, so that the decree therein could in no way adjudicate their respective rights under the agreement; the father is entitled, therefore, to the relief demanded and the order of the Appellate Division should be reversed and the judgment of the Special Term affirmed.

*Ellis* v. *Cole,* 105 App. Div. 48, reversed.·

(Submitted April 5, 1907; decided April 30, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 3, 1905, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material are stated in the opinion.

*C. J. Huson, H. C. Harpending* and *H. B. Harpending* for appellant.

*M. A. Leary* for respondents.

Cullen, Ch. J.　On March 5th, 1894, the plaintiff entered into an agreement with the defendants, who are his daughters, whereby he conveyed to them certain pieces of real estate in the county of Yates, and the defendants, in consideration thereof, agreed to apply all the rents and profits of every kind received from said real estate, after deducting therefrom interest on a mortgage of two thousand dollars on one of said parcels of land and all taxes and necessary expenses, to the plaintiff for his support and maintenance during his natural life.　It contained a further provision that in case the defendants should sell the premises last described in said agreement the moneys arising therefrom should be applied to the payment of the said two thousand dollar mortgage or be invested on bond and mortgage, and the interest accruing therefrom used and expended for the maintenance and support of the plaintiff.　In 1898, Lydia Havens, a judg-

ment creditor of the plaintiff, brought an action in the Supreme Court to set aside said conveyance as fraudulent and void against her judgment. In said action a judgment was rendered whereby the validity of the transfer from the plaintiff to the defendants was upheld, but it was decreed that William H. Ellis, the present plaintiff, was as to the plaintiff in that action the owner of a life estate in the premises first described in said deed "subject to the lien of two thousand dollars formerly represented by a mortgage upon said premises and heretofore paid and taken up by the defendants Ida Hutches and Polly Cole." The judgment appointed a receiver of said life estate, directed that he pay out of the net income to the defendants Hutches and Cole the interest on the two thousand dollar mortgage, and, after deducting such payment, apply the remainder of the income on the judgment recovered by the plaintiff in the action. Mrs. Hutches and Mrs. Cole had, previous to the recovery of this judgment, sold one of the pieces of land for the sum of nineteen hundred dollars, and applied that sum, together with one hundred dollars of their own moneys, to the discharge of the two thousand dollar mortgage. After the rendition of the decree in the judgment creditor's action they retained the whole interest paid to them by the receiver appointed by that decree and failed to pay it over to or apply it to the use of the plaintiff. Thereafter, in May, 1903, the plaintiff brought this action to recover of the defendants the interest on nineteen hundred dollars of said mortgage so retained by them. The Special Term awarded judgment in favor of the plaintiff. The Appellate Division, by a divided court, has reversed this judgment and ordered a new trial. From that order this appeal is taken.

The agreement between the parties was in effect that the money realized by a sale of one of the pieces should be applied to the satisfaction of the mortgage resting on the other, or should be invested and the interest thereon paid to the plaintiff, and that the plaintiff should in one way or the other, either by the payment of the whole rents and profits

to him or by the payment to him of the interest from the
investment of the proceeds of sale, receive the annual rent of
the property.   This agreement the defendants were bound to
carry out and cannot be relieved from their obligation to the
plaintiff unless the plaintiff has been divested of his rights
and claims against them by the decree in the suit brought by
his judgment creditor.   It is to be observed that, so far as
appears by this record, no general receiver of all the plain-
tiff's property, assets and choses in action has been appointed,
but merely a receiver of his interest in certain specified real
estate, and the question, therefore, is, did the claim of the
plaintiff to the interest of the sum realized from the real
estate sold pass to this receiver.   We think it did not.   Had
the proceeds of the sale been invested instead of applied to the
satisfaction of the mortgage the proposition would be clear,
but it was used to discharge the incumbrance on the property,
the plaintiff's life estate in which was declared to be subject to
the lien of his creditor's judgment.   The mortgage was dis-
charged before the rendition of the decree in the judgment
creditor's action, as appears by the terms of that decree.   This
being the status of the property, we think it clear that the
judgment creditor might have had appropriated the whole
annual income of the property to the satisfaction of her judg-
ment, but she either did not seek that result or did not suc-
ceed in obtaining it.   She secured only the excess of the
annual income above the interest on the amount of the mort-
gage formerly resting on the property.   She seems to have
been content with what she got, and we are at a loss to dis-
cover how the fact that the judgment creditor did not take
from the plaintiff all that she might have taken can relieve
the defendants from paying to the plaintiff that part of their
obligation to him which his judgment creditor did not seize.
The decree could not relieve the defendants from their obliga-
tion under the contract.   True, both the present plaintiff and
the defendants were defendants in that action.   There was no
issue raised between the defendants and no claim for relief
made by either against the other, and, therefore, the decree

in the action could in no way adjudicate their respective rights. The result that would flow from the decision below is that the plaintiff would neither receive the annual sum the defendants agreed to pay to him nor would he have that sum applied to his debt, while the defendants would be enabled to retain moneys to which they are in no way entitled.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in both courts.

O'Brien, Edward T. Bartlett, Haight, Vann and Chase, JJ., concur; Hiscock, J., not sitting.

Order reversed, etc.